NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> MOSHE BUTLER, <br><br> Defendant. | **OPINION AND ORDER** <br><br> Cr. No. 11-cr-00854 (WHW)(CLW) |

**Walls, Senior District Judge**

On June 13, 2012, after pleading guilty to wire and bank fraud, Defendant Moshe Butler was sentenced by this Court to 63 months' imprisonment and three years of supervised release. ECF No. 23. On November 29, 2015, Defendant sent a letter requesting that the Court modify its judgment to allow him (a) to serve the remaining balance of his sentence of imprisonment, beginning on January 6, 2016, in home confinement instead of in a halfway house, and (b) to travel to Pennsylvania, Florida, and New York without seeking advance permission during his period of supervised release. ECF No. 32. The Court denies both of Defendant's requests.

I. **Defendant's sentence of imprisonment**

   a. **The Court may not modify Defendant's sentence.**

Beginning January 6, 2016. Defendant is scheduled to serve the remainder of his sentence of imprisonment in a halfway house in Newark, New Jersey. *Id.* at 1. Defendant requests to serve the remainder of his sentence at home, rather than in a halfway house, so that he can spend time with his wife and three school-aged children. *Id.* at 1.

NOT FOR PUBLICATION

As the Court discussed in its order denying Defendant's first request to serve the remainder of his sentence under home confinement, ECF No. 27, Congress has authorized district courts to modify a previously imposed sentence in three discrete situations:

(1) Upon motion of the Director of the Bureau of Prisons, after the court considers the factors set forth in 18 U.S.C. § 3553(a), if the court finds (a) "extraordinary and compelling reasons" warrant such a reduction; or (b) the defendant is at least 70 years of age, has served at least 30 years in prison under a sentence imposed under 18 U.S.C. § 3559(c), and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community under 18 U.S.C. § 3142(g);

(2) Where reduction is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(3) Where a defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o).

18 U.S.C. § 3582(c). *See also United States v. Watson*, No. 05-208, 2011 U.S. Dist. LEXIS 93112, at *6 (E.D. Pa. Aug. 19, 2011) ("In 18 U.S.C. § 3582(c), Congress provided that a court may not modify a term of imprisonment once it has been imposed except in three limited circumstances set forth in the statute."). Federal Rule of Criminal Procedure 35, in turn, permits a district court (a) to reduce a sentence within 14 days of the judgment if it resulted from "clear error" and (b) to reduce a sentence, at the request of the Government, if the defendant has provided "substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35.

As with Defendant's previous request to modify his sentence, the Court finds that none of the three scenarios is applicable here: the request for modification has been lodged by the Defendant, not the Director of the Bureau of Prisons ("BOP"); more than 14 days have passed since Defendant was sentenced, and the Court did not make a "clear error;" the Government has not moved for a "substantial assistance" reduction; and the Sentencing Commission has not lowered the sentencing range under which Defendant was sentenced. The Court may not modify Defendant's sentence.

### b. The Bureau of Prisons opposes Defendant's placement in home confinement.

The BOP, not the Court, has discretion to place Defendant in home confinement. Under 18 U.S.C. § 3624, the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). These conditions may include a "community correctional facility," *id.*, or "home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Defendant has more than six months of his term of imprisonment left, so home confinement is inappropriate.

In any event, as long as the BOP considers the factors required by 18 U.S.C. 3621(b), placement in home confinement is at BOP's discretion, and it is not *required* to transfer a defendant to either a community correctional facility or home confinement for any period of time. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005); *see also Hewitt v. Helms*, 459 U.S. 460, 467-68 (1983) ("[P]rison officials have broad administrative and discretionary authority over the institutions they manage . . . . As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). In this case, the BOP has not consented to Defendant's request for home confinement, so Defendant's request must be denied.

### II. Defendant's term of supervised release

Defendant also requests the Court to modify the terms of his supervised release, *see* ECF No. 23, to allow him to travel to Pennsylvania, New York, and Florida without obtaining permission of the Court or his probation officer. Defendant states that he has arranged for

employment during his supervised release period that will require him to travel to those states. ECF No. 32 at 1-2.

After considering the sentencing factors specified in 18 U.S.C. § 3553(a)(1) ("the nature and circumstances of the offense and history and characteristic of the defendant"), (a)(2)(B) (the need for deterrence), (a)(2)(C) (the need to "protect the public from future crimes of the defendant"), (a)(2)(D) (the need to provide the defendant with educational, vocational, medical, and correctional services), (a)(4) (the types of sentence and sentencing range available for the applicable offense category, taking into account policy statements issued by the Sentencing Commission), (a)(5) (policy statements issued by the Sentencing Commission), (a)(6) (the need to avoid unwanted sentencing disparities), and (a)(7) (the need to provide restitution to victims), the Court may "modify . . . the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the terms applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2).

Defendant does not specify which § 3353(a) factors, if any, weigh in favor of permitting him to travel out of state without obtaining prior permission. The Government does not endorse Defendant's request, and the Court finds that none of the § 3553(a) factors listed in 18 U.S.C. § 3583(e)(2) support modifying the terms of his supervised release. Defendant's request is denied.

## CONCLUSION AND ORDER

For the reasons discussed, it is ORDERED that Defendant's requests to modify his sentence to allow him (a) to serve the remainder of his sentence of imprisonment under home

confinement, rather than in a halfway house, and (b) to travel to Pennsylvania, New York, and Florida during his term of supervised release without obtaining prior approval are denied.

DATE: 21 December 2015

William H. Walls
Senior United States District Court Judge